IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. ISGRIGG,

      Plaintiff,                     No. CIV S-09-1905 GEB GGH P

  vs.

R. HEYNIE, et al.,

      Defendants.         ORDER

_____/

        Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        By order filed August 10, 2009 the court determined that plaintiff had stated a colorable claim against defendants Heynie, Gomez and Jeffries. The court dismissed plaintiff's claims against defendants Hatch, Walker, Rios, Dragosh and Hubbard with thirty days leave to amend. On September 10, 2009, plaintiff filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

1  U.S.C. § 1915A(b)(1),(2).

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
4  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
8  Cir. 1989); Franklin, 745 F.2d at 1227.

9          A complaint must contain more than a "formulaic recitation of the elements of a
10 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
12 "The pleading must contain something more...than...a statement of facts that merely creates a
13 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
14 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
15 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
16 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
17 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
18 that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." Id.

20         In reviewing a complaint under this standard, the court must accept as true the
21 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
22 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
23 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
24 1843 (1969).

25         In the amended complaint, plaintiff alleges that defendants Lt. Rios and C/O
26 Hatch witnessed plaintiff being dragged across the floor by the three defendants previously

2

served, but Rios and Hatch failed to intervene.  Plaintiff alleges that defendant Dragosh verbally intimidated and threatened him to withdraw an inmate appeal, which plaintiff did withdraw.  The only mention in the amended complaint of defendants Hubbard and Walker are their titles as director of CDCR and warden of CSP-Sac, respectively.

"[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995).  Where an assault consisted of three sharp blows to the victim, however, the duration of the assault did not realistically permit an observing officer an opportunity to intervene.  See Shepherd v. Crawford, 2009 WL 839943 at *6 (E.D.Cal. March 30, 2009) (No. 1:08-CV-00128-OWW-DLB), quoting O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988).

Plaintiff states that he was dragged for twenty feet and Lt. Rios and C/O Hatch witnessed the incident.  Plaintiff does not describe if the defendants witnessed the entire incident, where they were in relation to plaintiff, if they had the ability to intervene or if plaintiff requested aid.  Plaintiff's claim fails to state a claim for relief that is plausible on its face.  See Iqbal, at *12.  If plaintiff amends his complaint, he must articulate specific facts supporting the proposition that Lt. Rios and C/O Hatch had a realistic opportunity to intervene.

With respect to claims that Dragosh verbally threatened plaintiff, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).  Claims against Hubbard and Walker are also dismissed as plaintiff makes no allegations against these defendants.  Plaintiff's amended complaint is dismissed and plaintiff will be granted leave to file a first amended complaint within twenty-eight (28) days of service of this order.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at

law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Hatch, Walker, Rios, Dragosh and Hubbard are dismissed for the reasons discussed above, with leave to file a first amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file a first amended complaint will result in a recommendation that these defendants be dismissed from this action.

DATED: October 20, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
isgr1905.B2

5